[Cite as *Lanier v. Univ. of Akron*, 2012-Ohio-3676.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

LINDA LANIER

    Plaintiff

    v.

THE UNIVERSITY OF AKRON

    Defendant

Case No. 2010-04301

Judge Clark B. Weaver Sr.

ENTRY GRANTING DEFENDANT'S SUMMARY JUDGMENT

{¶ 1} On December 19, 2011, defendant filed a motion for summary judgment pursuant to Civ.R. 56(B). On February 8, 2012, plaintiff filed a response with leave of court. Defendant's February 10, 2012 motion for leave to file a reply is DENIED as moot. A non-oral hearing was conducted in this case upon defendant's motion pursuant to L.C.C.R. 4(D).

{¶ 2} Civ.R. 56(C) states, in part, as follows:

{¶ 3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also

*Gilbert v. Summit Cty.*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

{¶ 4} Plaintiff was employed by defendant in 2001 as an Associate Director of Admissions. In 2005, plaintiff took a position as Coordinator of the Education Talent Search (ETS) in the Academic Achievement Program. As coordinator, plaintiff's compensation was funded by a federal grant and the terms of her employment were governed by a series of one year contracts, renewable at the end of each fiscal year.

{¶ 5} In December 2008, plaintiff was informed by her immediate supervisor, Coleen Curry, that her contract would not be renewed beyond June 30, 2009. Plaintiff appealed her non-renewal pursuant to Ohio Adm.Code 3359-22-01. A grievance committee subsequently overturned the decision. However, following a review by the Vice President of Student Affairs, plaintiff's non-renewal was upheld. Plaintiff was paid through June 30, 2009, her last day of employment with defendant.

{¶ 6} Plaintiff has alleged breach of contract, intentional infliction of emotional distress, and invasion of privacy. Plaintiff's claim for breach of contract is based upon her assertion that her work was of high quality, as evidenced by her most recent performance review, and that the decision to not renew her employment was without just cause. Defendant argues that plaintiff's employment agreement did not require just cause for non-renewal and, in the alternative, that the decision to allow her contract to expire was motivated by conflicts between plaintiff and her co-workers and supervisor(s).

{¶ 7} There is no evidence that plaintiff's employment agreement required just cause for non-renewal. Although plaintiff has a legal right to file a grievance of the decision pursuant to Ohio Adm.Code 3359-22-01, such decisions will be overturned at the administrative level only where it is either arbitrary or capricious. As noted above, the decision not to renew plaintiff's contract was ultimately upheld by defendant's Vice President.

{¶ 8} Plaintiff claims that her employment was non-renewed because of her decision to support a co-worker whom plaintiff felt had been wrongfully denied an opportunity to receive additional off-site training. Plaintiff maintains that her allegedly poor treatment of co-workers had nothing to do with the decision; that it was her decision to "go over [Curry's] head" that was the real reason for non-renewal. However, even if the court were to accept plaintiff's testimony as fact, such testimony does not support an actionable breach of the employment agreement. Even though the stated reasons for non-renewal may not have been the true reasons, the true reasons are not contrary to law. *Mers v. Dispatch Printing Co.* (1985), 19 Ohio St.3d 100.

{¶ 9} Accordingly, there are no material factual disputes which need to be resolved with regard to plaintiff's claim for breach of contract, and defendant is entitled to judgment as a matter of law as to that claim.

{¶ 10} Plaintiff's claim for intentional infliction of emotional distress is premised upon plaintiff's contention that she suffered emotional distress as a result of the treatment she received from defendant when she was informed of the non-renewal on December 16, 2008. However, plaintiff's own deposition testimony belies her claim.

{¶ 11} According to plaintiff's deposition testimony, she arrived at Curry's office at 10:00 a.m on December 16, 2008, for a regularly scheduled meeting. Both Curry and Oletha Thompson, Curry's supervisor, were seated in the office with one of defendant's police officers either in the room or just outside the door. Plaintiff was handed a letter informing her of non-renewal. After she read the letter, plaintiff asked "Why?" and she was told that defendant was going in a different direction.

{¶ 12} Although plaintiff testified that she began to cry when she learned of her non-renewal, she stated that defendant's police officer simply escorted her from the meeting back to her office, stayed with her as she gathered some of her personal belongings, and escorted her to her vehicle.

{¶ 13} Accepting plaintiff's testimony as true, the court finds that there is absolutely nothing about the conduct of defendant during this incident that could be

reasonably characterized as "extreme and outrageous" as the term is used in the common law.  See *Yeager v. Local Union 20* (1983), 6 Ohio St.3d 369.  Accordingly, there are no issues of fact to be determined.

{¶ 14} Plaintiff's claim of invasion of privacy is based upon her contention that her password protections were removed from her office computer following the December 16, 2008 meeting and that the information stored therein was accessible to other employees.

{¶ 15} However, during her deposition, plaintiff was unable to recall any information of a personal and private nature which might have been stored on the computer.  Although plaintiff contends that employee reviews she authored were accessible, she has not alleged that such reviews contain either a clearly private fact about her or other matter truly of private concern.  *Housh v. Peth* (1956), 165 Ohio St. 35.  Accordingly, plaintiff has failed to produce evidence to support her claim.  See id.

{¶ 16} For the foregoing reasons, and construing the evidence in plaintiff's favor, there are no genuine issues of material fact and defendant is entitled to judgment as a matter of law. Accordingly, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant.  Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
CLARK B. WEAVER SR.
Judge

cc:

Emily M. Simmons
Velda K. Hofacker
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

Robert A. Pecchio
2305 East Aurora Road, Suite A-1
Twinsburg, Ohio 44087-1940

006
Filed March 2, 2012
To S.C. reporter August 15, 2012